**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LESLIE D. AVIS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00596-CDP |
| | ) |
| HILLSBORO R-3 SCHOOL DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Leslie D. Avis, III for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant Hillsboro R-3 School District. However, the Court will dismiss the claims against defendants Jon Isaacson, Regena Phillips Toeniskoetter, and Debbie Spiller.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), naming as defendants Hillsboro R-3 School District, Superintendent Jon Isaacson, Regena Phillips Toeniskoetter, and Director of Transportation Debbie Spiller. (Docket No. 1 at 2-3). The complaint alleges that the Hillsboro R-3 School District

retaliated against plaintiff and terminated him from his employment on the basis of his sexual orientation as a bisexual male. (Docket No. 1 at 4).

In his "Statement of Claim," plaintiff asserts that defendants "created a hostile work environment…by retaliating, harassing and disciplining [him] so frequently and severely, and by demoting, suspending and terminating [his] employment due to [his] bisexual orientation." (Docket No. 1 at 5). By way of specifics, he alleges that defendants made negative references to his sexual orientation, told him that his "kind should not be able to be around these kids," treated him differently from similarly-situated employees, and ultimately fired him, even though "straight" employees had committed infractions that did not result in their termination. (Docket No. 1 at 7, 11, 16, 18-19).

Attached to the complaint are two exhibits, which the Court will treat as part of the pleadings.[1] First, plaintiff has attached a right-to-sue letter from the United States Department of Justice, giving him ninety days in which to commence a civil action. (Docket No. 1-3 at 1). The letter is dated April 18, 2022.

Second, plaintiff has attached the "Charge of Discrimination" he filed with the Equal Employment Opportunity Commission (EEOC). (Docket No. 1-3 at 2). In the charge, he states that he was retaliated against and terminated due to his sexual orientation. The charge contains allegations similar to those in the complaint. For example, plaintiff contends that his supervisors made inappropriate comments about his sexuality, that coworkers taunted him about his sexual orientation, that he was subjected to "strange sexual comments," and that straight drivers were not

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

terminated from their positions, even though they had engaged in worse behavior than that for which he was terminated.

Based on these facts, plaintiff asserts that he has suffered "a detrimental job record," a "loss of wages and benefits," and "mental distress in the form of embarrassment, humiliation, anxiety, loss of sleep, mental anguish, emotional distress, [and] pain and suffering." (Docket No. 1 at 6). He is seeking $100,000 in actual damages and $100,000 in punitive damages.

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to Title VII. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant Hillsboro R-3 School District. However, the Court will dismiss the claims against defendants Jon Isaacson, Regena Phillips Toeniskoetter, and Debbie Spiller.

### A. Title VII Claim Against Hillsboro R-3 School District

Plaintiff has asserted a Title VII claim against defendant Hillsboro R-3 School District. The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). Relevant here, Title VII also protects an employee from employer discrimination on the basis of sexual orientation. *See Bostock v. Clayton County, Georgia*, 140 S.Ct. 1731, 1754 (2020) (extending Title VII protections to sexual orientation, and explaining that "[a]n employer who fires an individual merely for being gay or transgender defies the law").

4

Before filing an action under Title VII in federal court, a plaintiff must first exhaust his or her administrative remedies. *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018). *See also Brooks v. Midwest Heart Group*, 655 F.3d 796, 800 (8th Cir. 2011) (stating that "Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court"); and *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999) (explaining that a Title VII claimant is required to demonstrate good faith participation in the administrative process). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Rush v. State of Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017). Upon receiving notice of the right to sue, a plaintiff has ninety days in which to commence a civil action. *See* 42 U.S.C. § 2000e-5(f)(1).

In this case, with regard to exhaustion, plaintiff has alleged that he exhausted his administrative remedies by filing a "Charge of Discrimination" with the EEOC. (Docket No. 1 at 5). He has also attached a copy of that charge. (Docket No. 1-3 at 2). Additionally, plaintiff states that he has been issued a "Notice of Right to Sue" letter, a copy of which he has attached to the complaint. (Docket No. 1 at 5; Docket No. 1-3 at 1). The right to sue letter was sent on April 18, 2022, and gave him ninety days to commence this civil action. As such, plaintiff's deadline for filing suit was July 18, 2022.[2] Plaintiff submitted the instant complaint on June 2, 2022, before the expiration of the ninety-day period.

As to the sufficiency of the factual allegations, the Court notes that Title VII prohibits workplace discrimination, including discrimination based on sexual orientation. *See Bostock*, 140

---

[2] The Court notes that ninety days from April 18, 2022 was Sunday, July 17, 2022. When the last day of a period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Thus, plaintiff had until the end of Monday, July 18, 2022 to file this action.

S.Ct. at 1754. To that end, plaintiff contends that he was harassed, retaliated against, and ultimately fired due to his sexual orientation as a bisexual individual. The Court must accept these allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Furthermore, because plaintiff is a self-represented litigant, the Court must hold his complaint to less stringent standards than formal pleadings drafted by lawyers. *See Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Therefore, the Court will direct the Clerk of Court to issue process on defendant Hillsboro R-3 School District.

### B. Claims Against Superintendent Isaacson, Ms. Toeniskoetter, and Director of Transportation Spiller

Plaintiff has also asserted Title VII claims against Superintendent Isaacson, Ms. Toeniskoetter, and Director of Transportation Spiller. Title VII, however, prohibits "unlawful employment practice[s]" by an "employer" only. *See* 42 U.S.C. § 2000e-2(a). That is, while Title VII covers the conduct of employers, it does not impose individual liability. *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers"). "Supervisors and other employees cannot be held liable under Title VII in their individual capacities." *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 381 (8th Cir. 1995). As such, Title VII claims against individual defendants are subject to dismissal. *See Smith v. St. Bernards Regional Medical Center*, 19 F.3d 1254, 1255 (8th Cir. 1994) (concluding "that the claims against the individual defendants were properly dismissed because liability under 42 U.S.C. § 2000e(b) can attach only to employers").

In this case, Superintendent Isaacson, Ms. Toeniskoetter, and Director of Transportation Spiller are not alleged to be plaintiff's employers. Rather, his facts indicate that they are his supervisors and coworkers, and that all were employed by the Hillsboro R-3 School District.

6

Because Title VII does not impose individual liability on supervisors or coworkers, plaintiff's claims against Isaacson, Toeniskoetter, and Spiller must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Hillsboro R-3 School District, 5 Ridgewood Drive, Hillsboro, MO 63050, as to plaintiff's claim under Title VII.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Jon Isaacson, Regena Phillips Toeniskoetter, and Debbie Spiller are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of partial dismissal would not be taken in good faith.

Dated this 1st day of August, 2022.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE