UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESLIE D. AVIS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22 CV 596 CDP |
| ) | |
| HILLSBORO R-3 SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Leslie D. Avis brings this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, claiming that defendant Hillsboro R-13 School District harassed and terminated him because of his sexual orientation. Avis now requests that counsel be appointed to assist him with his claim. He also moves to seal several exhibits he filed on March 17, 2023, and to file two more exhibits in support of his claim. For the following reasons, I will deny each of Avis's motions.

In deciding whether to appoint counsel for an indigent plaintiff, I consider several factors, including the factual complexity of the case, the ability of the indigent to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).

None of these factors favors the appointment of counsel. The facts of this case are not complex: Avis is a former bus driver for Hillsboro who alleges he was subjected to harassment in a variety of forms, including interference with his ability to perform his job duties, derogatory comments about his sexuality, dismissal of his safety concerns, more severe discipline than his peers, and eventually his termination. A reading of the complaint and my discussion with Avis at the Rule 16 Scheduling Conference held on March 17, 2023, show that Avis is able to investigate crucial facts and identify the circumstances giving rise to his claims, the bases upon which he contends he is entitled to relief, and the individuals involved in the alleged conduct. With respect to the existence of conflicting testimony, I note that this case is in its preliminary stages; whether and to what extent conflicting testimony exists with respect to the substance of Avis's claims will be evident upon further proceedings in the case. Finally, Avis's claim of unlawful discrimination in his employment does not involve a complex issue of law meriting the appointment of counsel.

Because the factual nature of this case is not complex and Avis has provided the Court with details giving rise to his claims, I find that he is able to adequately present his claims to the Court at this time. I will accordingly deny his motion to appoint counsel.

Avis next moves to seal several exhibits he filed before the Scheduling

hearing held on March 17, 2023. "Court proceedings are presumptively public." *United States v. Garner*, 39 F.4th 1023, 1024 (8th Cir. 2022), reh'g denied, No. 21-3761, 2022 WL 5073680 (8th Cir. Oct. 5, 2022). Thus, a plaintiff must show good cause for the Court to order that documents be received and maintained under seal. E.D. Mo. L.R. 13.05(A)(1). Because Avis fails to provide any reason for sealing these exhibits, I will deny his motion.

Finally, Avis moves to submit additional exhibits. As I explained to Avis at the Rule 16 Hearing on March 17, 2023, Avis must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. He should not file his discovery requests or responses or evidence with the court at this time. If such documents are necessary to be attached to or respond to a motion for summary judgment or a motion to compel, Avis may file them when those motions are filed or as part of a response, but they should not be filed otherwise. *See* Local Rule 3.02. I will accordingly deny his motion to submit additional exhibits, as well.

**IT IS HEREBY ORDERED** that Plaintiff Leslie D. Avis's Motion to appoint Counsel [22], Motion for Sealed Exhibits [21], and Motions to Submit Additional Exhibits 8 and 9 [23, 24] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March 2023.